Nov. Term,
1846.

AMORY and Another *v.* CARPENTER and Another.

AMORY
*v.*
CARPENTER.

Petition for partition of lands alleged in the petition to be owned by the petitioners and the defendants, &c. Before the commissioners' report was made and confirmed, the petitioners proved, to the satisfaction of the Court, that the parties had, *prima facie*, a title to the premises as described in the petition. *Held*, that if proof in the case (the defendants having appeared and no default having been taken) of the title of the parties in the premises was necessary, it must be considered that such proof was not only given, but that it was given in time.

*Friday,
December 4.*

ERROR to the *Vanderburgh* Circuit Court.

BLACKFORD, J.—On the 19th of *August*, 1841, *W. Carpenter* and *A. B. Carpenter* filed, in the *Vanderburgh* Circuit Court, a petition for the appointment of commissioners to divide certain real estate between themselves, *Francis Amory*, junior, and *Mortimer Turner*.

The petition describes the lands which were to be divided, as follows: A certain tract of five acres near *Evansville*, conveyed to *Francis Amory*, junior, and *Charles Stewart*, by *William Pope;*· the south half of the south half of fractional section No. 31; the south half of the south-west quarter of section No. 32; the south half of the west half of the west half of the south-east quarter of section No. 32, township 6 south, range 10 west; and the south-east quarter of the north-east quarter, and the north-east quarter· of the south-east quarter of section 13, township 6 south, range 11 west. The petition alleges, that the petitioners own three-twelfths, *Francis Amory*, junior, one-half, and *Mortimer Turner* the remaining three-twelfths, of the tract of five acres. The petition also alleges that of the other lands described, the petitioners own three-tenths, said *Amory* four-tenths, and said *Turner* three-tenths.

At the *September* term, 1841, the petitioners produced a notice to the defendants, that application would be made at said term for the appointment of commissioners to make partition among the several owners of certain lands, &c. (the lands mentioned in the petition are here described). And it was shown by the affidavit of a third person, that the notice had been published in a certain newspaper of the county four weeks successively, the last publication being on the 18th of *August*, 1841.

Nov. Term, 1846.

The Court thereupon appointed commissioners to divide the lands described in the petition according to the prayer thereof. It was also ordered, that if the commissioners should be of opinion that the lands, or any part of them, were not susceptible of an equitable division, they should report accordingly. This appointment was objected to by Amory.

At the *March* term, 1842, as the record states, the parties appeared, and the petitioners proved, to the satisfaction of the Court, that they and the defendants had, *prima facie*, a title to the premises in the petition mentioned as therein described. Afterwards, at the same term, the commissioners made their report, showing their division of all the lands except the five acres, and stating that the tract of five acres was not susceptible of an equitable partition. On motion of the petitioners, the report was confirmed; and the commissioners were ordered to make sale of the tract of five acres, and report their proceedings to the next term. *Amory* excepted to these proceedings, and filed a bill of exceptions. The bill sets out several deeds and other instruments, but it does not state that it contains all the evidence in the cause.

If proof in this case (the defendants having appeared and no default having been taken) of the title of the parties in the premises was necessary, we think it must be considered that such proof was not only given, but that it was given in time. It appears that the petitioners proved, to the satisfaction of the Court, that the parties had, *prima facie*, such an interest in the lands as is described in the petition, and that the proof was introduced before the report was made and confirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Lockhart* and *W. T. T. Jones*, for the plaintiffs.

*J. Law,* for the defendants.